---

MARIO F. BROWN, JR.,

                                    Plaintiff,

v.                                                                    Case No. 25-cv-0960-bhl

BRETT COOK et al.,

                                    Defendants.

---

## DECISION AND ORDER

---

Plaintiff Mario Brown, Jr., who is incarcerated at the Waupun Correctional Institution, is representing himself in this 42 U.S.C. §1983 case. Brown is proceeding on Eighth Amendment conditions-of-confinement claims based on allegations that, for three days, Defendants refused to move him to a new cell despite his repeated complaints about the conditions of his cell. Dkt. No. 7. On December 22, 2025, Defendants filed a motion for partial summary judgment on the ground that Brown failed to exhaust the available administrative remedies on his claim that the cell was freezing cold because of a crack in the window. Dkt. No. 14. For the reasons explained below, the Court will deny Defendants' motion.

## BACKGROUND

At the relevant time, Brown was an inmate at Waupun Correctional Institution, where Defendants worked as corrections staff. Brown filed one inmate complaint relevant to the claims in this lawsuit. On March 3, 2025, the institution complaint examiner office received inmate complaint WCI-2025-3187, in which Brown identified the issue as: "I was placed in OBS in [an] unsanitary cell for 4 days. Investigate this situation." Brown provided the following details:

> I was placed in [an] observation cells that had dried up urine and sperm all over the toilet seat and floor, spit and dried up blood on the walls and door frame the observation mat had white stains all over it and hair particles everywhere and still I was forced to live in the cell after numerous of attempts to get out this cell which is all verified on all staff above body cameras.

Dkt. No. 16 at ¶¶8, 13-15.

After investigating the inmate complaint, the institution complaint examiner recommended that the inmate complaint be dismissed, a recommendation that the reviewing authority adopted on April 7, 2025. Brown timely appealed the dismissal, which was affirmed by the Office of the Secretary on May 15, 2025. Dkt. No. 16 at ¶¶8, 16-21.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The Prison Litigation Reform Act, which applies to this case because Brown was a prisoner when he brought this action, provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The Seventh Circuit applies a "strict compliance approach to exhaustion," *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), and expects inmates to adhere to "the specific procedures and deadlines established by the prison's policy," *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Inmate Complaint Review System allows Wisconsin inmates to file complaints about their living conditions and staff actions that personally affect them. Wis. Admin. Code DOC §310.06. Each inmate complaint "may contain only one clearly identified issue" and "must contain sufficient information for the department to investigate and decide the complaint." §310.07(5), (6). Although an inmate "need not lay out the facts, articulate legal theories, or demand particular

2

relief," the inmate complaint must "alert[] the prison to the nature of the wrong for which redress is sought." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002).

Brown is proceeding on a claim based on allegations that for three-days he complained to Defendants about the conditions of his cell, but they refused to move him to a different cell. Specifically, Brown alleges in his complaint that he informed Defendants that the cell was unsanitary and cold. Defendants note, however, that Brown made no mention in his inmate complaint that the cell was cold; he stated only that the cell was unsanitary. Defendants assert that they are therefore entitled to summary judgment on that aspect of Brown's claim because he failed to notify the institution that his cell was cold.

Defendants take too narrow a view of the exhaustion requirement. The Seventh Circuit has explained that "an inmate's complaint will suffice for exhaustion purposes if it provides notice to the prison of the nature of the wrong for which redress is sought." *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020). "The exhaustion requirement protects the prison's administrative authority by giving it an opportunity to correct its own mistakes before suit is filed against it in federal court." *Id.* Accordingly, "a prisoner satisfies the exhaustion requirement when he gives a prison notice of, and opportunity to correct, a problem." *Id.* at 996. He "need not lay out the facts, articulate the legal theories, or demand particular relief. All the [prisoner] need do is object intelligibly to some asserted shortcoming." *Strong*, 297 F.3d at 650.

Here, the nature of the wrong about which Brown complained was that prison guards ignored his repeated requests that he be moved to a different cell because the conditions of his cell were unlivable. Brown was not required to "lay out the facts" in his inmate complaint by specifying every objectionable condition. It was sufficient that he alerted the institution to an asserted shortcoming—that guards ignored his complaints about the conditions of his cell. *See Henry v. Deshler*, No. 20-cv-2185, 2021 WL 2838400, at *2 (7th Cir. July 8, 2021). The Court will therefore deny Defendants' motion.

Finally, on March 24, 2026, Brown filed a motion to stay the case deadlines pending a decision on Defendants' motion. The Court will deny the motion. Discovery closed on March 23, 2026. Dispositive motions on the merits of Brown's claims are due by April 22, 2026.

**IT IS THEREFORE ORDERED** that Defendants' motion for partial summary judgment on exhaustion grounds (Dkt. No. 14) is **DENIED.**

**IT IS FURTHER ORDERED** that Brown's motion to stay case deadlines (Dkt. No. 36) is **DENIED**.

Dated at Milwaukee, Wisconsin this 30th day of March, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

4